IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SERGIO GONZALEZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-05080 |
| v. | ) | |
| | ) | |
| ALPHA RECOVERY CORP., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Sergio Gonzalez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3.  Plaintiff, Sergio Gonzalez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank N.A., consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Alpha Recovery Corp., ("ARC") is a Colorado corporation with its principal place of business at 5660 Greenwood Plaza Blvd, Suite 101, Greenwood Village, CO 80111. ARC does or transacts business in Illinois but does not maintain a registered office or agent in Illinois. (Exhibit A, Record from Colorado Secretary of State).

5. ARC acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Citibank N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

7. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

8. ARC was subsequently retained or hired to collect the alleged debt.

9. On or about July 3, 2014, ARC mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

10. The Letter conveyed various information regarding the account directly to Plaintiff, including the current balance due, the identity of the original creditor, and the original account number.

11. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

12. The Letter was mailed in an envelope with a glassine window that showed Plaintiff's name and address.

13. Included between the Plaintiff's name and postal bar code at the top of the window was a number.

14. The number ("Account Number") matches Plaintiff's account number for the alleged debt, ending in 215.

15. The Account Number is visible through the window of the envelope.

16. The Account Number is not part of the debt collector's address.

17. The Account Number is not part of the debt collector's name.

18. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

19. ARC used unfair means to collect or attempt to collect a debt by exposing Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

20. An account number for a consumer's debt may not be disclosed on the face of an envelope that the debt collector mails to the consumer. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

21. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff re-alleges the above as if set forth fully in this count.

23. ARC used unfair means in connection with an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(8) when it exposed Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

   A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
**Wood Finko & Thompson P.C.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com